UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Arthur J. Burton, # 138573,

        Plaintiff,                            Case Number: 24-11652
                                                  Honorable F. Kay Behm

v.

Melody Johnson, et al.,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF THE FILING FEE
AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

This matter is before the Court on Plaintiff Arthur J. Burton's civil rights complaint filed under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff, a prisoner in the custody of the Michigan Department of Corrections, also has filed an application to proceed without prepayment of the filing fee. (ECF No. 2.) Upon review of Plaintiff's complaint and his litigation history in the federal courts, the Court concludes that Plaintiff may not proceed without prepayment of fees and dismisses the civil rights complaint without prejudice in accordance with 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). Section 1915 provides prisoners the opportunity to make an initial partial filing fee and pay the remainder in installments. *See*

*Bruce v. Samuels*, 577 U.S. 82, 85-86 (2016). Under the PLRA, a prisoner may not proceed *in forma pauperis* where, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999).

Federal court records show that at least three of Plaintiff's prior civil rights complaints have been dismissed for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Burton v. Derooy*, No. 15-1339 (6th Cir. Oct. 20, 2015). Plaintiff is also on notice that he has accumulated three strikes because he has had at least two cases dismissed under 28 U.S.C. § 1915(g). *See Burton v. Gidley*, No. 1:15-CV-44, 2015 WL 414466 (W.D. Mich. Jan. 30, 2015); *Burton v. Derooy*, No. 1:05-CV-289, 2005 WL 1106895, at *1 (W.D. Mich. May 6, 2005).

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception, "the prisoner must plausibly allege such a danger." *Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019) (citing *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013)). The danger must be "'real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.'" *Vandiver*, 727 F.3d at 585 (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)).

Plaintiff's complaint names three defendants, legal affairs administrator Melody Johnson, assistant deputy warden Walker, and chief analyst ombudsman Eric Mattson.

Plaintiff alleges that defendants misused funds allocated to him as part of the federal government's 2021 emergency stimulus package. He maintains that defendants Johnson and Mattson conspired to cover-up their actions. Plaintiff claims that defendant Walker retaliated against him for filing a grievance regarding the stimulus funds by arranging for him to be assaulted.

Plaintiff's claim that defendants misused funds does not raise a potential danger of serious physical injury. His claim that Walker arranged for someone to assault him concerns a past danger which is insufficient to invoke the imminent danger exception. *Vandiver*, 727 F.3d at 585 ("[A] prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception.") (internal quotation marks omitted). Plaintiff also is no longer incarcerated at the facility where Walker serves as a warden. Plaintiff has failed to allege facts establishing that he is in real and proximate and the danger of serious physical injury.

Because Plaintiff has filed at least three previous lawsuits which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted and he fails to establish that he is under imminent danger of serious physical injury, the Court **DENIES** the application to proceed without prepayment of fees or costs (ECF No. 2) and **DISMISSES** the civil rights complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with full payment of the filing fee ($350.00) and the administrative fee ($52.00).


Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

**SO ORDERED.**

s/F. Kay Behm
F. KAY BEHM
UNITED STATES DISTRICT JUDGE

Dated: July 10, 2024